[Crim. No. 7488.   Second Dist., Div. Three.   May 26, 1961.]

THE PEOPLE, Respondent, v. TALMADGE MARVIN
HAWKINS et al., Appellants.

Talmadge Marvin Hawkins and Johnnie Lee Irons, in
pro. per., for Appellants.

Stanley Mosk, Attorney General, and S. Clark Moore,
Deputy Attorney General, for Respondent.

VALLEE, J.—A jury found defendants Hawkins and Irons guilty of robbery of the first degree. New trials were denied and they were sentenced to state prison. They appeal from the judgments and orders denying new trials. The only point made is that the evidence is insufficient to sustain the verdicts.

In the early morning of May 12, 1960, Milton Adams, Sid Gentry, and Faytonia Jones drove in Gentry's car to a hamburger stand at Broadway and Vernon in Los Angeles. Gentry parked the car across the street from the stand. Adams had two $20 bills in his pocket. The two men left the car, crossed the street, went to the stand, and ordered a hamburger and coffee. Adams paid for them with one of the $20 bills.

As Adams paid the bill, defendant Irons who was at the stand "tried to start a crap game" with Adams. Gentry told Irons they were not gambling, but going home. Adams put the change in his pocket and he and Gentry started across the street, carrying a hamburger for Faytonia Jones. As they left the stand Irons said, "I'll get him," and went across the street following Adams and Gentry. Defendant Hawkins, who either appeared on the scene at the time or was at the stand, went down the street, cut across, and went behind Gentry's car.

Gentry started to get in the car. Adams walked around the car to get in on the other side. Irons knocked Adams down, and Irons and Hawkins each went through his pockets. Hawkins had a knife with a six-inch blade in his hand. Irons had something in his hand that shined. Adams was knocked unconscious and his shirt was bloody. He was taken to a hospital. When he regained consciousness, his pocket was turned inside out and torn; his money was gone.

Defendants ran up the street and whistled. A convertible pulled out, picked them up, and drove away. A Mr. Ward took the license number of their car.

Hawkins did not testify. He produced two witnesses who testified to an alibi. Irons testified and produced three witnesses who testified he was at the hamburger stand but that he did not participate in the robbery.

█ It is argued that one of the elements of robbery is missing in that there was no evidence that anything of value was taken from Adams. A reasonable inference from the evidence is that defendants robbed Adams of one $20 bill and the change he received from the other one. (*People* v. *Dodson,* 77 Cal.App.2d 389 [175 P.2d 59].)

█ It is also argued that circumstantial evidence must

not only be consistent with guilt but ''inconsistent with every other rational conclusion.'' This rule is for the trier of fact, not for the reviewing court. (*People* v. *Toledo-Corro*, 174 Cal.App.2d 812, 819 [345 P.2d 529].)

The verdicts are amply supported by the evidence. The appeal is merely an effort to have this court review the evidence. That we cannot do.

The judgments and orders denying new trials are affirmed.

Shinn, P. J., and Ford, J., concurred.